IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DARREN FIELDS                                                                           PETITIONER

VS.                                                         CIVIL ACTION NO. 3:19cv551-DPJ-FKB

ANDERSON JOHNSON                                                                 RESPONDENT

### REPORT AND RECOMMENDATION

Darren Fields was sentenced in 2008 to two concurrent 15-year terms for armed robbery. He brings this action pursuant to 28 U.S.C.§ 2254 demanding immediate release on parole. Fields contends that he is entitled to parole pursuant to Miss. Code Ann. § 97-3-2 because he has served over fifty percent of his sentence. Respondent has filed a motion to dismiss, arguing that the petition fails to state a claim. The undersigned agrees.

In order to obtain relief under § 2254, a prisoner must establish that he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is well-established that because Mississippi's parole statute is discretionary, there is no constitutional right to parole in this state. *Scales v. Mississippi State Parole Bd.*, 831 F.2d 565, 566 (5th Cir. 1987); *Irving v. Thigpen*, 732 F.2d 1215, 1217-18 (5th Cir. 984). Because Fields has no constitutional right to parole, his petition fails to state a claim for habeas relief.

Fields in his petition makes a vague reference to having been discriminated against. Denial of parole based upon some improper motive may present a claim for a denial of the constitutional right to equal protection. *See Irving*, 732 F.2d at 1218.

Fields, however, does not allege he has been denied parole because of his race or because of some other improper motive.

Finally, even if the petition were to state a cognizable habeas claim, it would nevertheless be subject to dismissal because Fields has failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(b)(1).  Fields admits in his petition that he has never presented his claims to the Mississippi's highest court in a procedurally-proper manner.  See O'Sullivan v. Boerckel, 526 U.S. 838 (1999);  Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999.

For these reasons, the undersigned recommends that petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 28th day of January, 2020..

        s/ F. Keith Ball_____
        United States Magistrate Judge